FILED
SUPERIOR COURT
OF GUAM

2022 AUG -8 PM 4:33

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0080-20 |
| v. | **DECISION AND ORDER**<br>*Defendant's Second Motion to Transfer*<br>*Jurisdiction to Family Court* |
| PETER JOHN HERNANDEZ JR.,<br>DOB: 05/26/2002 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 31, 2022, for a further proceedings hearing. Present at the hearing were: Defendant Peter Hernandez Jr. ("Defendant") with counsel Assistant Public Defender David Highsmith, and Deputy Attorney General James Basil O'Mallan for the People. Having considered the arguments, beliefs, and the applicable law, Defendant's Second Motion to Transfer Jurisdiction to Family Court is hereby **DENIED**.

## BACKGROUND

This case arises from an Indictment charging Defendant with THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony), filed on February 3, 2020.

On June 1, 2020, Defendant filed his initial Motion to Transfer Jurisdiction to Family Court. The People filed their Opposition thereto on July 24, 2020, and Defendant filed his Reply on July 27, 2020. A hearing on the motion was held on July 28, 2020, wherein the Court scheduled an evidentiary hearing for the motion on September 24, 2020. The Evidentiary hearing was held on September 24, 2020, as scheduled; however, Defense counsel failed to appear. As a result, the Court issued an order after hearing wherein it denied Defendant's Motion to Transfer Jurisdiction with leave to refile. *See* Order (Sept. 29, 2020).

Then on April 5, 2022, Defendant filed his Second Motion to Transfer Jurisdiction to Family Court. A further proceedings hearing was held on May 31, 2022, wherein the People orally opposed the motion, and the Court took the matter under advisement.

## DISCUSSION

### I. THE INSTANT CASE IS PROPERLY BEFORE THIS COURT.

The underlying issue before this Court is whether the transfer of jurisdiction over instant case to the Family Court is proper. Generally, the Family Court Division is given "exclusive jurisdiction" over any child in Guam "who is alleged to have violated any territorial law." *People v. Gomia*, 2017 Guam 13 ¶ 9; citing 19 GCA § 5103(a)(4). A *child* or *minor* means a person less than eighteen (18) years of age on the date legal proceedings are first commenced against him. 19 GCA § 5102(d)(emphasis included). Therefore, "[generally] to obtain the benefit of a certification hearing, both the date of the offense and the date of legal proceedings commence must occur while the individual is under eighteen [18]." *People v. Quichocho*, 1997 Guam 13 ¶ 7.

However, title 19 GCA section 5106 provides a mechanism by which the Superior Court can obtain "adult" jurisdiction over a minor and states in relevant part:

(a) *A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree* along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony.

*See Gomia*, 2017 Guam 13 ¶ 10; quoting 19 GCA § 5106(a)(emphasis added). In interpreting title 19 GCA section 5106, the Supreme Court has held that "19 GCA § 5106 is not is not a statute which vests jurisdiction [in the Family Court]; in fact, it sets forth the situations in which the Family Court may lose jurisdiction." *Quichocho*, 1997 Guam 13 ¶ 7. "Before 19 GCA § 5106 is even available to a certain individual, it must first be determined that the individual is a child who falls under the jurisdiction of the Family Court." *Id.* Therefore, the first inquiry before the Court is whether Defendant was ever under the jurisdiction of the Family Court.

Here, Defendant was born on May 26, 2002. The date of the alleged offense was on or about January 11, 2020, and Defendant was charged with THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony), on February 3, 2020. *See* Indictment (Feb. 3, 2020). This illustrates that Defendant was at least 17 years old both at the time of the alleged offense, and when he was officially charged. Therefore, Defendant generally falls within the Family Court Jurisdiction.

The next inquiry of this analysis is whether the Family Court lost its jurisdiction pursuant to title 19 GCA section 5106. As discussed above, Defendant was over the age of 16 both at the time of the alleged offense and at the time he was officially charged with THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony). This clearly reflects that the Family Court lost jurisdiction over Defendant and the instant case under the

statute. This conclusion is further supported by the obligatory language within the statute: "***shall** automatically be charged as an adult.*" *See* 19 GCA § 5106(a). As such, the Court finds that Defendant and the instant case are properly before this Court. The Court now turns to address Defendant's arguments.

## II.  THE COURT IS NOT PURSUADED BY DEFENDANT'S ARGUMENT.

Defendant makes two arguments, neither of which persuades the Court. First, Defendant turns the Court's attention to title 19 GCA section 5106(d), which governs when an indictment may be transferred to the jurisdiction of the Family Court and states in relevant part:

(d) Not withstanding Subsection (a) of this Section, on motion of either the prosecutor or defendant, or *sua sponte* by the Court, *the complaint or indictment may be transferred to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amendable to the care, treatment, and training programs available through the facilities of the juvenile court* based on evaluating of the following:

(1) the age of the minor;

(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged though accountability;
    (C) whether there is evidence the offense was committed in an aggressive premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) ... [not applicable];

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated [Disposition of Offenders]

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

*In considering these factors, the court **shall** give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other actors listed in this Subsection.*

19 GCA § 5106(d)(emphasis added). Defendant argues that the transfer of jurisdiction to the Family Court is in the best interest of Defendant because "there was no aggression or premeditation, no intent to harm, and no 'serious bodily harm.'" Def's Second Mot. p. 2 (April 5, 2022). This argument fails because the statute specifically requires that "*the court **shall** give greater weight to the seriousness of the alleged offense.*" *See* 19 GCA § 5106(d). Therefore, the fact that Defendant was indicted on the serious charge of THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony) carries greater weight than Defendant's mere contention that there was no aggression, premeditation, or serious bodily harm.

Second, Defendant argues that "there are any number of programs available though the judiciary and juvenile system that will assist Mr. Hernandez." Def's Second Mot. p. 2 (April 5, 2022). Defendant makes this argument without specifying what programs are available in Family Court, and how those specific programs would benefit Defendant. Further, the Court notes that Defendant is at least 20 years old now. As such, Defendant fails to persuade the Court that the transfer of jurisdiction to Family Court is in Defendant's best interest.

## CONCLUSION

For the reasons set forth above, the Defendant's Second Motion to Transfer Jurisdiction to Family Court is hereby **DENIED**.

**IT IS SO ORDERED** ___AUG 0 8 2022___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, PDSC_

Date: _8/8/22_ Time: _4:39 p_

_Antoin H Cm_

Deputy Clerk, Superior Court of Guam